PER CURIAM.
I,Granted. The order of the court of appeal is vacated and the trial court’s ruling denying respondent’s motion to withdraw his guilty plea is reinstated. A trial court may not ignore “objective medical evidence” as a reasonable basis for revisiting a prior finding that the defendant is competent to proceed to trial. State v. Snyder, 98-1078, p. 26 (La.4/14/99), 750 So.2d 832, 852, reversed and remanded on other grounds, Snyder v. Louisiana, 545 U.S. 1137, 125 S.Ct. 2956, 162 L.Ed.2d 884 (2005). In the present case, however, the trial court specifically found, and nothing presented to this Court disputes, that at the time respondent entered his guilty plea, he failed to provide the court with any evidence, despite having been given the opportunity to do so, giving rise to reasonable grounds for doubting the court’s earlier finding of competency following an extended hearing on the report of the sanity commission. The trial court therefore did not abuse its discretion in denying respondent’s motion to withdraw his guilty plea.